IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KELVIN ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:15CV385-WKW |
| | ) |
| HOUSTON COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on June 3, 2015, the District Judge has referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. # 3). Plaintiff Kelvin Robinson, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of the motion, it is

ORDERED that the motion is GRANTED.

However, upon review of the complaint, the court concludes that dismissal of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) is appropriate as to two of the named defendants and, further, that abstention is appropriate as to other claims.[1] Thus, it is further

ORDERED that service of process is STAYED pending further order of the court.

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff Kelvin Robinson commenced a civil rights action in this court on June 2, 2015, against Houston County, Officer J. Arnette, and the Dothan Police Department. Plaintiff's claims arise from his arrest and pat-down search on March 14, 2015, during a police officer's traffic stop of plaintiff's brother. (Doc. # 1). Plaintiff's demand for relief states only, "Motion to Suppress." (Id., ¶ 6).

Because it appeared from the complaint that the incident at issue had given rise to state court criminal proceedings that might affect this court's jurisdiction under the *Rooker-Feldman* doctrine, the court obtained records of the Dothan municipal court proceedings arising from the incident and directed the Clerk to enter them into the record of this court. The municipal court records reveal that, on March 17, 2015, Officer J. Arnette of the Dothan Police Department filed a sworn complaint charging plaintiff with obstructing governmental operations, a Class A misdemeanor, and that plaintiff's case is set for trial on August 6, 2015.[2]

---

[2] The *Rooker-Feldman* doctrine is not implicated in this case, as there is no final state court judgment. However, the court may consider the state court record for purposes beyond assessing its own jurisdiction. Because plaintiff seeks equitable relief in the form of suppression of evidence (Complaint, ¶ 6), the state court's record in his ongoing criminal proceeding is central to plaintiff's claim for relief. Thus, the court may take judicial notice of the state court's record in evaluating the present complaint. See Davis v. Self, 547 F.App'x. 927, 929-30 (11th Cir. Nov. 19, 2013) (unpublished opinion)(in affirming district court's decision to abstain from hearing claims for declaratory and injunctive relief pursuant to the *Younger* doctrine and to dismiss claims for damages on immunity grounds, finding no error in district court's taking judicial notice "of opinions and judgments in the underlying custody and child support proceedings")(citing Fed. R. Evid. 201(b)(2); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); and United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)); Turner v. Broward Sheriff's Office, 542 F. App'x. 764 (11th

In the style of his complaint, plaintiff lists "Houston Co." as a defendant, but his complaint contains no other reference to Houston County. (Doc. # 1, p. 1). Plaintiff lists only Arnette and the Dothan Police Department in the paragraph within the body of his complaint setting forth the "[n]ame and address of defendant(s)," and the address he provides is that of the Dothan Police Department. (Id. at ¶ 2; Municipal Court Complaint (complainant's address)). Plaintiff alleges that two officers were present at the scene but does not indicate that either of them were employed by Houston County. (Doc. # 1, p. 3).[3]

In assessing whether a complaint states a claim for relief, the court does not consider "allegations ... that are merely legal conclusions." American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Instead, the court considers only the allegations of *fact* to determine whether the complaint includes "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 707 n. 2 (11th Cir. 2010)(internal quotation marks omitted); see Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555-56 (2007). The complaint must contain allegations of fact adequate to "nudge[] the[] claim across the line from conceivable to plausible." Id. at 570. "[W]here the

---

Cir. 2013)(taking judicial notice of record of state court criminal proceedings in deciding abstention issue); see also LaGrasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004)("In analyzing the sufficiency of the complaint, we limit our consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.").

[3] In the style of his motion to proceed *in forma pauperis*, filed contemporaneously with his complaint, plaintiff identifies only Arnette and the Dothan Police Department as the defendants. (Doc. # 2, p. 1).

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Rule 8(a)(2))(second alteration in Iqbal). Plaintiff alleges no facts to suggest that any Houston County official was involved in his arrest and, even if he had, his remaining allegations are not sufficient to support a conclusion that the county is responsible under 42 U.S.C. § 1983 for its employee's acts. See Harris v. Goderick, 2015 WL 1812769 (11th Cir. Apr. 22, 2015)("[A] county or other local government entity may not be held liable under § 1983 based solely upon respondeat superior.")(citing McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004)).  Thus, plaintiff's complaint fails to state a plausible claim for relief against Houston County.

Additionally, the court agrees with the conclusion of the court in Caffey v. Mobile Police Department, 2013 WL 4052430 (S.D. Ala. Aug. 12, 2013)(Steele, C.J.) that, as a matter of Alabama law, a police department is not a legal entity that is subject to suit. See id. at *1 (concluding, "[b]ased on the limited clues available," that the Mobile Police Department is not a legal entity subject to suit; reasoning that *dicta* in *Ex parte* Dixon, 55 So.3d 1171, 1172 n. 1 (Ala. 2010), "although not a holding, accurately expresses Alabama law" that "a municipal police department is not a suable entity"). Thus, plaintiff's claims against the Dothan Police Department are due to be dismissed.

To the extent that plaintiff seeks injunctive and/or declaratory relief suppressing evidence in his criminal trial based on defendant Arnett's violation of plaintiff's fourth

4

amendment rights to be free from unreasonable searches and seizures, this case presents the paradigmatic circumstance requiring abstention under the *Younger* doctrine.[4]

> In Younger [v. Harris, 401 U.S. 37 (1971)], the Supreme Court held that federal courts should not stay or enjoin pending state court proceedings except under special circumstances. 401 U.S. at 41, 91 S.Ct. at 749. The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights. Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n. 7 (11th Cir.2004). Accordingly, *Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. Christman v. Crist, 315 Fed.Appx. 231, 232 (11th Cir.2009); 31 Foster Children v. Bush, 329 F.3d 1255, 1275–82 (11th Cir.2003).
>
> Under the *Younger* doctrine, federal courts are required to abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court, or if the federal case is in an "embryonic stage and no contested matter [has] been decided." For Your Eyes Alone, Inc. v. City of Columbus, 281 F.3d 1209, 1217 (11th Cir.2002) (internal quotation marks omitted); see Redner v. Citrus Cnty., 919 F.2d 646, 649 (11th Cir.1990) (explaining that *Younger* abstention is appropriate where the state prosecution commenced after the federal complaint was filed but before any proceedings on the merits had taken place in federal court).

Turner, 542 F. App'x. at 766.[5]  In Turner, the Eleventh Circuit held that *Younger* abstention

---

[4] See Daniels v. Geraldi, 578 F. App'x. 811 (11th Cir. 2014)(affirming district court's dismissal of § 1983 claims as frivolous under § 1915(e)(2)(B) on *Younger* abstention grounds); Turner, 542 F. App'x. at 765, 767 (same).

[5] The *Younger* abstention doctrine extends to claims for declaratory relief. See Samuels v. Mackell, 401 U.S. 66, 73 (1971)("[I]n cases where the state criminal prosecution was begun prior to the federal suit, the same equitable principles relevant to the propriety of an injunction must be taken into consideration by federal district courts in determining whether to issue a declaratory judgment, and that where an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well."). In the present case, the complaint includes no demand for damages. (Doc. # 1, ¶ 6).

was appropriate because the plaintiff's state criminal proceedings – which remained pending when the district court dismissed his § 1983 claims – commenced "prior to his filing a complaint or any proceedings of substance on the merits of this case." Id. at 767. In this case, the criminal complaint was filed in the Dothan municipal court on March 17, 2015 – two and a half months before plaintiff filed his complaint in this court – and the state criminal proceeding remains pending. (See Doc. # 5). Additionally, plaintiff will have the opportunity to challenge the reasonableness under the fourth amendment of the seizure and search in the state criminal proceeding. Thus, while plaintiff may prefer to litigate those issues here, the Younger doctrine requires that this court abstain from entertaining plaintiff's claims.[6,7]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's claims be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate

---

[6] While it would otherwise be appropriate to allow plaintiff an opportunity to amend to replead his claims against Houston County or to name a proper legal entity in lieu of the police department, plaintiff cannot avoid the Younger issue by amendment.

[7] As noted previously, the relief plaintiff seeks from this court is a suppression order (Doc. # 1, ¶ 6). Thus, the fact that probable cause and the reasonableness of the force used are analytically distinct aspects of the allegedly unreasonable seizure is immaterial to the abstention analysis in this case.

Judge and to serve a copy on the plaintiff.  Plaintiff may file written objections to this Recommendation **on or before June 23, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  <u>Resolution Trust Co. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993);  <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 9th day of June, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE